UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SOPHIA LORRAINE DAIRE,<br><br>        Petitioner,<br><br>v.<br><br>DEBRA JOHNSON, Warden,<br><br>        Respondent. | Case No.  CV 16-2887-DMG(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION AND<br>REFERRING PETITION TO<br>COURT OF APPEALS |

    Petitioner was convicted of one count of first degree burglary in Los Angeles County Superior Court case number VA096706.  Pursuant to the Three Strikes Law, petitioner was sentenced to state prison for 25 years to life, plus three consecutive five-year sentences. [Petition at 2].

    Petitioner previously filed a petition for a writ of habeas corpus in this Court challenging her conviction, and that petition was denied on the merits.  Case No. CV 10-3743-DMG(AJW).  The Ninth Circuit affirmed the judgment on March 15, 2016.  <u>Daire v. Lattimore</u>, 818 F.3d 454 (9th Cir. 2016).

    On April 27, 2016, petitioner filed the present petition for a writ of habeas corpus.  The petition, which again challenges

petitioner's 2007 conviction, is successive.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, the petition is dismissed for lack of jurisdiction.

Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." In the circumstances of this case, there is a possibility that petitioner may have intended to file this action in the Court of Appeals. Therefore, the Clerk of Court shall send a copy of the petition and a copy of this order to the Clerk of the United States Court of Appeals for the Ninth Circuit. See Phillips v. Johnson, 2016 WL 922553, at *2 (C.D. Cal. Mar. 8, 2016) (simultaneously dismissing a habeas corpus petition as successive and referring the petition to the Ninth Circuit pursuant to Rule 22-3(a)); Brock v. Montgomery, 2014 WL 2812315, at *1 (C.D. Cal. June 23, 2014) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer

the ... Petition to the United States Court of Appeals ... pursuant to Ninth Circuit Rule 22-3(a).").

**IT IS SO ORDERED.**

DATED: June 8, 2016

                                                DOLLY M. GEE
                                      United States District Judge